**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAMESON ROSADO,** **Plaintiff,** v. **ROBERT F. MUELLER, III et al.,** **Defendants.** | **Civil Action No.: 15-3999 (ES)** **MEMORANDUM OPINION** |

**SALAS, DISTRICT JUDGE**

## I. INTRODUCTION

Pending before the Court is Defendants'[1] motion to dismiss *pro se* Plaintiff Jameson Rosado's Complaint, or in the alternative, for a more definite statement. (D.E. No. 10, Defendants' Moving Brief ("Def. Mov. Br.")). The Court exercises jurisdiction under 28 U.S.C. § 1331. The Court decides Defendants' motion without oral argument. *See* Fed. R. Civ. P. 78(b). As set forth below, Defendants' motion is GRANTED.

## II. BACKGROUND[2]

On June 12, 2015, Plaintiff filed a form EEOC Complaint, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. (D.E. No. 1 ¶ 1). Plaintiff

[1] "Defendants" include the following parties: Robert F. Mueller, III, John Pistole, Mylinda Harrison, Candice Will, SSA Amanda Moran, Sandra Bungo, Unit Chief Darlene Hoyns, Paul White, Weysan Dun, Aaron T. Ford, Mike Ward, Dave Velazquez, Edward Kahrer, Mike D. Schulstad, Kevin D. Cruise, Dorisse Shakir Ullah, Karen M. Spencer, Evelyn Lopez, Martin F. Zileinski, Ron Lyman, Jeffrey Ochs, John Cody, Avgustis Karaminas, SST Jasmin Ramos, Squad CE-1 Personnel, Dr. Judy Stone, and William Sweeney. (*See* D.E. No. 1).

[2] The Court must accept Plaintiff's factual allegations as true for purposes of resolving the pending motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

attaches several exhibits to his complaint, which appear to be documents related to the several EEO matters on which his present complaint is based. (*See* D.E. Nos. 1-1, 1-2, 1-3, 1-4, 1-5).

Plaintiff's complaint alleges Defendants' failure to employ, termination, and failure to promote by checking those respective acts on the form complaint. (*Id.* ¶ 9). Plaintiff also checks the space provided for "Other acts (please specify)," complaining that he was allegedly "ordered [for a] fitness for duty [("FFD")] evaluation with no basis," that his "FFD was passed + [Plaintiff] was terminated pending a review board on 8/15/12," and that he was "[s]uspended 9/2/2011." (*See id.*). Plaintiff also alleges that that he suffered "retaliation for information of misconduct provided to an inspector during an audit of the Newark Office in Aug[ust] [] 2007." (*Id.* ¶ 10).

Plaintiff further states the following in the area of the form complaint reserved for "acts complained [of]": "There are 3 active EEO matters pending, however this is a whistleblower matter." (*Id.* ¶ 9). Plaintiff repeats that statement several times in his opposition[3] to Defendants' motion to dismiss, asserting, for example, the following: "MOTION TO AMEND COMPLAINT TO REFLECT MATTER AS 1) A WHISTLEBLOWER MATTER,"[4] (D.E. No. 12, Plaintiff's Opposition Brief ("Pl. Opp. Br."), Caption Page); "Clarification is provided regarding this matter is a WHISTLEBLOWER MATTER, MORE IMPORTANTLY, AN AFFIRMED WHISTLEBLOWER MATTER," (*id.* at 1); "The Whistleblower claim is affirmed by Pohl that I

[3] Plaintiff captioned his response to Defendants' motion to dismiss as a "motion to amend complaint," and, indeed, the Electronic Filing System refers to Plaintiff's response as such. (*See* D.E. No. 12). But it is the substance, not the caption, that determines how this Court will treat the submission. *Cf. Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) ("[T]he function of the motion, not the caption, dictates which Rule applies . . . ." (citing *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984))), *overruled on other grounds*, *Lizardo v. United States*, 619 F.3d 273, 276-77 (3d Cir. 2010). Because Plaintiff's submission appears to oppose much of Defendants' motion to dismiss rather than provide reasons for granting amendment, (*see* D.E. No. 12), this Court will treat Plaintiff's submission as an opposition to Defendants' motion rather than a motion to amend. In any event, for the reasons discussed *infra*, Plaintiff will be permitted to amend his complaint to address the deficiencies identified herein.

[4] Plaintiff's opposition and other filed documents frequently employ all capital letters, bold lettering, and underlining for apparent emphasis. The Court will repeat those forms of emphasis when quoting from Plaintiff's submissions.

was being retaliated against by Management for disclosing during an Inspection of the Newark Division, that the ADMINISTRATIVE OFFICER, DORISSES SHAKIR ULLAH was personally absorbing much of the overtime budget . . . ," (*id.* at 2).

Defendants filed a motion to dismiss the complaint for failure to state a claim or, alternatively, for a more definite statement. (*See generally* Def. Mov. Br.). As noted, Plaintiff filed opposition, (D.E. No. 12), and Defendants filed a reply, (D.E. No. 13).

**III. LEGAL STANDARD**

Federal Rule of Civil Procedure Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That rule has been construed to require that a complaint, to survive dismissal, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.*; *see also id.* ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Twombly*, 550 U.S. at 555)). Notably, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But the court is not required to accept "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

The Court's inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the

well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). In its evaluation, the Court properly considers the complaint, documents attached to or submitted with the complaint, matters incorporated by reference or integral to the claims, matters of which the Court may take judicial notice, matters of public record, orders, and other items of record in the case. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Finally, the Court notes that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

## IV. DISCUSSION

### A. Loretta E. Lynch Must Be Substituted As the Sole Defendant in this Matter

As an initial matter, Defendants argue that the only proper defendant in this case is the head of the Department of Justice—that is, United States Attorney General Loretta E. Lynch in her official capacity—and, therefore, all of the individual defendants named or described must be dismissed from this case with prejudice. (*See* Def. Mov. Br. at 3-5). Plaintiff appears to agree that Attorney General Lynch must be substituted as a defendant, but Plaintiff opposes dismissing the other defendants because "they are witnesses in [the] captioned case." (Pl. Opp. Br. at 1, 22).

In a civil action brought under Title VII, "the head of the department, agency, or unit . . . shall be the defendant." 42 U.S.C. § 2000e-16(c). That is, "'[t]he *only* proper defendant in a Title VII action is the head of the agency in which the allegedly discriminatory acts occurred.'" *Stevenson v. U.S. Post Office*, No. 04-5971, 2008 WL 108891, at *4 (D.N.J. Jan. 9, 2008)

(alteration in original; emphasis added) (quoting *Wilson v. Potter*, 159 F. App'x 415, 417 (3d Cir. 2005)).

For Title VII purposes, "executive agency" is defined as "an Executive department, a Government corporation, and an independent establishment." 5 U.S.C. § 105; *see also* 42 U.S.C. § 2000e-16(a) (prohibiting discrimination against "employees or applicants for employment . . . in executive agencies as defined in section 105 of Title 5"). The Department of Justice ("DOJ") is an "Executive department" within the meaning of 5 U.S.C. § 105. *See* 5 U.S.C. § 101. The Federal Bureau of Investigation ("FBI") is a part of the DOJ. *See Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002) ("[T]he FBI is a subunit of the Justice Department.").

Here, Plaintiff, a former employee of the FBI, (D.E. No. 1-1 at 3), filed his Title VII complaint against Robert F. Mueller, III—the former Director of the FBI—and several other present and additional FBI members, (*see generally* D.E. No. 1). Because the FBI is part of the DOJ, the only proper defendant in this action is the head of the DOJ, United States Attorney General Loretta E. Lynch. *See Stevenson*, 2008 WL 108891, at *4; *see also Mulhall*, 287 F.3d at 550 ("Similarly, in the present case Mulhall alleges Title VII retaliation by the FBI; the FBI is a subunit of the Justice Department. Therefore the proper defendant is the Attorney General, the head of the Justice Department.").

Accordingly, all named defendants are dismissed from this case with prejudice.[5] As discussed *infra*, Plaintiff will be permitted the opportunity to amend his complaint to cure the deficiencies identified in this Opinion. As this is an employment discrimination action under Title

[5] As noted previously, Plaintiff "opposes dismissing other [(i.e., other than Attorney General Lynch)] defendants with prejudice as they are witnesses in [the] captioned case." (Pl. Opp. Br. at 1; *see also id.* at 22). Those parties' alleged status as potential witnesses is irrelevant to whether they are properly named as defendants in this matter. For the aforementioned reasons, those parties are not proper defendants and must be dismissed.

VII, in any amended complaint, Plaintiff must name *only* United States Attorney General Loretta E. Lynch as the defendant.

**B. Plaintiff's Complaint Fails to State a Claim Under Title VII**

Defendants argue that Plaintiff has failed to state a claim under Title VII because he has failed to plead facts that establish the elements of his claim. (Def. Mov. Br. at 6).

1. *Discrimination under Title VII*

"To establish a prima facie case of discrimination under Title VII, a plaintiff must allege that: '(1) he is a member of a protected class; (2) he is qualified for the position he held [or sought];'" (3) he suffered an adverse action relative to that position; "'(4) under circumstances that give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class.'" *See Santos v. Iron Mountain Film & Sound*, No. 12-04214, 2014 WL 673064, at *3 (D.N.J. Feb. 20) (quoting *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999)), *appeal dismissed*, No. 14-1655 (3d Cir. May 22), *aff'd*, 593 F. App'x 117 (3d Cir. 2014).

Here, even accepting Plaintiff's factual allegations as true, Plaintiff has failed to plead the second and fourth elements of a prima facie case of discrimination under Title VII. To the extent Plaintiff asserts termination from employment or failure to promote as the adverse action, Plaintiff has not pleaded the second element—that "he is qualified for the position he held [or sought]," *see Santos*, 2014 WL 673064, at *3. The several lengthy exhibits attached to Plaintiff's complaint, (*see* D.E. Nos. 1-1, 1-2, 1-3, 1-4, 1-5), do not provide discernable information related to this element of the claim, and Plaintiff's complaint does not point to any of those exhibits as support for its allegations.

Similarly, Plaintiff has not pleaded circumstances that give rise to an inference of discrimination, the fourth element; instead, Plaintiff simply alleges—with the aid of the form complaint's pre-printed language—that the action taken against him "is discriminatory with respect to" his race, color, sex, religion, and national origin. (*See* D.E. No. 1 ¶ 10). And again, the exhibits attached to Plaintiff's complaint, although numerous and dense, do not aid the bare allegations of the complaint.

In sum, with regard to Plaintiff's discrimination claim, the complaint and attached exhibits simply fail to "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although Plaintiff's opposition to Defendants' motion to dismiss contains numerous factual allegations that *may*—in a pleading that meets the requirements of Rule 8(a)—establish the requisite elements of a discrimination claim, Plaintiff may not amend his complaint by way of an opposition brief, *see Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." (citation omitted)), and, in any event, the Court finds Plaintiff's opposition indecipherable. Accordingly, Plaintiff's Title VII discrimination claim is dismissed for failure to state a claim.

2. *Retaliation under Title VII*

To establish a prima facie case of retaliation under Title VII, a plaintiff must allege that (1) he engaged in protected activity under Title VII; (2) "'the employer took an adverse employment action against [him]; and (3) there was a causal connection between [his] participation in the protected activity and the adverse employment action.'" *Suri v. Foxx*, 69 F. Supp. 3d 467, 481 (D.N.J. 2014) (alterations in original) (quoting *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)). "To show an adverse employment action, 'a plaintiff claiming retaliation under

Title VII must show that a reasonable employee would have found the alleged retaliatory actions materially adverse in that they well might have dissuaded a reasonable worker form making or supporting a charge of discrimination.'" *Id.* (quoting *Moore*, 461 F.3d at 341). The causation element may be satisfied by "showing a close temporal proximity between the protected activity and the alleged retaliatory conduct" or submitting circumstantial evidence giving rise to "an inference of causation." *Id.* (citation and internal quotation marks omitted).

Here, again accepting Plaintiff's factual allegations as true, Plaintiff's complaint fails to establish two elements of a Title VII retaliation claim. Plaintiff's complaint does not establish the first element—that Plaintiff engaged in protected activity. "[T]he anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings . . . and those who oppose discrimination made unlawful by Title VII . . . ." *Moore*, 461 F.3d at 341 (citation omitted). But Plaintiff's complaint only alleges that he suffered "retaliation for information of misconduct provided to an inspector during an audit of the Newark Office in August [] 2007." (D.E. No. 1 ¶ 10). That allegation (*i.e.*, providing "information of misconduct") does not at all suggest that Plaintiff participated in Title VII proceedings or opposed discrimination and suffered retaliation as a result.

Of course, Plaintiff cannot establish a causal connection between protected activity and an adverse employment action without first establishing that he engaged in protected activity, and thus Plaintiff has not established the third element of a Title VII retaliation claim. But even if Plaintiff had pleaded a protected activity, Plaintiff does not sufficiently plead circumstances that show "a close temporal proximity between the protected activity and the alleged retaliatory conduct" or "an inference of causation." *See Suri*, 69 F. Supp. 3d at 481 (citation and internal quotation marks omitted). Indeed, assuming that Plaintiff's "terminat[ion] pending a review board

on 8/15/12" is the adverse action complained of, no allegations connect that adverse action to any protected activity. (*See* D.E. No. 1 ¶¶ 9, 10).

As with Plaintiff's discrimination claim, the documents attached to Plaintiff's complaint, (*see* D.E. Nos. 1-1, 1-2, 1-3, 1-4, 1-5), and Plaintiff's opposition, (*see* D.E. No. 12), do not serve to elucidate Plaintiff's retaliation claim. Accordingly, Plaintiff's Title VII retaliation claim must be dismissed for failure to state a claim.[6]

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's Complaint is dismissed *without* prejudice. *See Phillips*, 515 F.3d at 245 ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."). The Court grants Plaintiff leave to file an amended complaint—consistent with this Opinion—within 45 days. An accompanying Order shall follow.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

[6] Further, the Court notes that Plaintiff appears not to have pleaded that he has timely exhausted his administrative remedies as required by Title VII and EEOC-promulgated regulations. *See Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997). The Court notes that such a failure renders a Title VII complaint deficient under Rule 12(b)(6). *See id.* at 1022 ("A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII . . . ." (citation and internal quotation marks omitted)).

Finally, the Court recognizes that Plaintiff's complaint states that "this is a whistleblower matter," (*see* D.E. No. 1 ¶ 9), and that Plaintiff's opposition repeatedly refers to his case as a "whistleblower matter," (*see, e.g.*, D.E. No. 12 at Caption Page, 1). But Plaintiff provides no frame of reference to determine whether Plaintiff has properly stated a "whistleblower" claim. That is, the Court is not directed to any statutory or common-law based rule of law that might provide a basis for Plaintiff's asserted "whistleblower" cause of action. Accordingly, no such cause of action has been stated. *Cf. RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-0077, 2013 WL 1338309, at *3 (D.N.J. Apr. 1, 2013) ("While, typically, a failure to satisfy Rule 8 occurs where few or only conclusory facts are pled, a complaint like Plaintiff's also fails to satisfy this basic rule. Clearly, Plaintiff's Complaint, standing alone, has failed to put Defendants on notice of the basis of all of the claims against them. . . . [N]either the Court nor Defendants should be required to guess which particular claims are being asserted and/or to sift through a tome of allegations to piece together those claims.").