**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMESON ROSADO, | : |
| | : Civil Action No. 15-3999 (ES) (JAD) |
| Plaintiff, | : |
| | : OPINION |
| v. | : |
| | : |
| LORETTA E. LYNCH, et al., | : |
| | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

## I. Introduction

Pending before the Court is Defendant Jeff B. Sessions's[1] motion to dismiss *pro se* Plaintiff Jameson Rosado's Amended Complaint. (D.E. No. 24, ("Def. Mov. Br."); D.E. No. 21, Am. Compl.). Defendant seeks dismissal of Rosado's Amended Complaint (i) for failure to comply with Federal Rule of Civil Procedure 10(b); (ii) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and (iii) in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e). The Court exercises jurisdiction under 28 U.S.C. § 1331 and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, Defendant's motion to dismiss Rosado's Amended Complaint for failure to comply with Rule 10(b) is GRANTED.[2] Rosado's Amended Complaint is dismissed *without*

---

[1] Jeff B. Sessions was sworn in as the Attorney General of the United States of America on February 9, 2017, and automatically replaced Loretta E. Lynch in this action under Federal Rule of Civil Procedure 25(d). (*See* D.E. No. 35 at 1 n.1).

[2] For the same reasons discussed in this Opinion for Rule 10(b), the Court also finds that Rosado's Amended Complaint "is so vague or ambiguous that the [Defendant] cannot respond, even with a simple denial, in good faith, without prejudice to [itself]," and therefore a more definite statement under Rule 12(e) is required. *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003). While the Court notes that Defendant moved under Rule

*prejudice* to his right to submit within sixty days a revised amended complaint that is consistent with this Opinion.

**II.     Background**

On June 12, 2015, Rosado, a former employee of the FBI, filed a form EEOC Complaint against numerous individual defendants, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. (*See generally* D.E. No. 1). Those defendants moved to dismiss Rosado's Complaint for failure to state a claim or, in the alternative, for a more definite statement. (D.E. No. 10). The Court issued an Opinion on August 17, 2016, granting the defendants' motion and dismissing Rosado's Complaint *without prejudice*. (*See* D.E. No. 16 (the "Aug. 17, 2016 Opinion")). The Court also held that "the only proper defendant in this action is the head of the DOJ, United States Attorney General Loretta E. Lynch"[3] and instructed Rosado that, because "this is an employment discrimination action under Title VII," any amended complaint "must name *only* United States Attorney General Loretta E. Lynch as the defendant." (*Id.* at 4-6).

Rosado subsequently filed an Amended Complaint, which is the subject of the instant motion. After Defendant filed his motion, Rosado submitted a document, titled "Clarification Regarding Agency Counsel's Request for a More Definitive Statement," which Defendant treated, and this Court will treat, as Rosado's opposition. (D.E. No. 27, ("Pl. Opp. Br.")). Defendant

---

12(e) only with respect to Rosado's Title VII claims (*see* Def. Mov. Br. at 10-11), a "court may, *sua sponte*, order the plaintiff to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure in order to clarify the plaintiff's claims." *Long v. N.J. Mfrs. Ins. Co.*, No. 14-2428, 2016 WL 4844147, at *5 (M.D. Pa. May 17, 2016) (citing *Kyeame v. Buchheit*, No. 07-1239, 2011 WL 3651369, at *1 (M.D. Pa. Aug. 18, 2011); *MFS, Inc. v. Twp. of South Annville*, No. 05-1371, 2006 WL 3254535, at *7 (M.D. Pa. Nov. 9, 2006); Moore's Federal Practice, § 12.36 (Matthew Bender 3d ed.) ("Because of its potential usefulness . . . courts will occasionally order a more definite statement *sua sponte*, which they have the freedom to do.")).

[3]     *See Stevenson v. U.S. Post Office*, No. 04-5971, 2008 WL 108891, at *4 (D.N.J. Jan. 9, 2008) ("[T]he only proper defendant in a Title VII action is the head of the agency in which the allegedly discriminatory acts occurred.").

submitted a reply brief in further support of his motion. (D.E. No. 28). The matter is now ripe for review.

### III. Legal Standard

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But the court is not required to accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678. And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Finally, the Court notes that "[a] document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Higgs v. Att'y. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing *pro se*

---

[4] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."). That said, the Court need not credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion School Dist.* 132 F.3d 902, 906 (3d Cir. 1997).

IV. **Discussion**

    a. **Federal Rule of Civil Procedure 10(b)**

Defendant argues that the Court should dismiss Rosado's Amended Complaint because it does not comply with Federal Rule of Civil Procedure 10(b). (Def. Mov. Br. at 5). That Rule provides:

> **(b) Paragraphs; Separate Statements**. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Defendant submits that Rosado's Amended Complaint "is essentially twelve pages of argument and legal conclusions . . . . There are no numbered paragraphs. There are on [sic] headings. There are no separate claims." (Def. Mov. Br. at 5). Defendant avers that "[t]he only basis of organization is [Rosado's] citation to the order of the exhibits he attaches to the Amended Complaint," but "those exhibits . . . are also in no particular order (e.g., chronological, alphabetical)." (*Id.*). Defendant contends that Rosado "makes no effort to arrange this information in a manner that addresses the deficiencies identified by the Court in its [Aug. 17, 2016] Opinion" and "shifts the burden of organizing and understanding these exhibits to the Defendant and the Court, often admonishing the Court both to read the exhibits and for having not sufficiently reviewed the previously submitted documents." (*Id.* at 6) (citing Am. Compl. at 3 ("[T]he Court

4

is requested to re-review those documents as they conflict with Judge Salas' decision as they pertain to her knowledge of certain matters before the Court.")). Rosado does not respond to Defendant's Rule 10(b) arguments. (*See generally* Pl. Opp. Br.).

"Rule 10(b) requires that 'each claim founded on a separate transaction or occurrence . . . must be stated in a separate count' if doing so would promote clarity." *Schiano v. MBNA*, No. 05-1771, 2013 WL 2452681, at *10 n.18 (D.N.J. Feb. 11, 2013) (quoting Fed. R. Civ. P. 10(b)). When a plaintiff's complaint does not comply with Rule 10(b), the Court has discretion to dismiss it. *Coleman v. Camacho*, No. 10-2613, 2012 WL 5986455, at *3 (D.N.J. Nov. 27, 2012); *Borrell v. Weinstein Supply Corp.*, No. 94-2857, 1994 WL 530102, at *2 (E.D. Pa. Sept. 27, 1994). "Under Rule 10(b), separation of claims into separate counts is required only when such separation facilitates the clear presentation of the matters set forth." *Borrell*, 1994 WL 530102, at *2; *see also Schiano*, 2013 WL 2452681, at *10 n.18 (finding that Plaintiffs' proposed complaint fails to comply with Rule 10(b) in part because "[m]any of Plaintiffs' factual allegations are lumped together into the same paragraphs often with no obvious connection with each other").

To be sure, "while it is well settled that *pro se* litigants should be afforded a certain degree of leniency, due to their unfamiliarity with the judicial process, *pro se* litigants are still bound by this Court's orders, local rules, policies and procedures, as well as the Federal Rules of Civil Procedure." *Kongtcheu v. Hosp. for Special Surgery*, No. 13-1854, 2015 WL 502071, at *2 (D.N.J. Feb. 5, 2015); *see also Smith v. Director's Choice, LLP*, No. 15-0081, 2016 WL 7165739, at *2 (D.N.J. July 28, 2016) (noting that the *pro se* plaintiff's amended complaint "must comply with" Rule 10(b)); *Francis v. Joint Force Headquarters Nat. Guard*, No. 05-4882, 2008 WL 4560714, at *5 (D.N.J. Oct. 7, 2008) (noting that the *pro se* plaintiff's complaint fails to comply with Rule

5

10(b) and instructing the plaintiff, in her amended pleading, to "set forth each of her claims in numbered paragraphs . . . [and] indicate which claims are asserted against which Defendants.").

Here, the Court has labored extensively over Rosado's Amended Complaint and the accompanying 110 pages of exhibits to discern what claims are asserted and what facts relate to each claim. Yet despite its best efforts, the Court concludes that Rosado's Amended Complaint must be revised for Defendant to be able to respond to it. For example, the first sentence of the Amended Complaint provides: "AMENDED COMPLAINT PURSUANT TO JUDGE ESTHER SALAS' REQUEST AUGUST 2016, STATED CLAIMS ARE REPRISAL, HARASSMENT, SEXUAL HARASSMENT, DEFAMTION [sic], INTIMIDATION, AND INVASION OF PRIVACY INTO FINANCIAL DOCUMENTS." (Am. Compl. at 3). But the next twelve pages consist of rambling argument intertwined with random fact assertions, most of which appear to omit any reference to the above-identified claims. And Rosado appears to assert an additional claim for a hostile work environment later on in the Amended Complaint. (*See, e.g.*, Am. Compl. at 5) ("MR. ROSADO WAS DEMOTED TO A HOSTILE ENVIRONMENT THE DAY BEFORE HIS WEDDING ON OCTOBER 31, 2008, THE HOSTILE ENVIRONMENT BEING THE OPERATIONS CENTER."). Moreover, Rosado's opposition appears to identify new claims not mentioned in the Amended Complaint:

> Issues here concern claims of retaliation ( AFFIRMED IN THE COMPLAINT), harassment, defamation of character invasion of privacy, sexual harassment, failure to promote, unfairly being non selected for other positions in the office ( both at the FBI and other agencies), Agency violating policy in releasing information to outside agencies ( ALSO AFFIRMED), and an incident involving sexual harassment , and then threatening the ( C) after parties may have 'tampered with evidence' at the expense of making Mr. Rosado a running joke in the office after filing his initial 1 of 3 EEO complaints. Also, a retaliatory mental health exam was ordered, that despite Mr. Rosado passing and the Agency not having CAUSE to

> order, is also expected to be remedied for the Assistant Director whom ordered it abusing her position in doing so.[5]

(Pl. Opp. Br. at 2). Accordingly, Defendant cannot be expected to respond to Rosado's claims because it is unclear what claims are being asserted and what facts relate to each claim. *See Schiano*, 2013 WL 2452681, at *10 n.18 ("Many of Plaintiff's factual allegations are lumped together into the same paragraphs often with no obvious connection with each other.").

In addition, it is not clear against whom Rosado is asserting all his claims. In the Aug. 17, 2016 Opinion, the Court instructed Rosado to name *only* United States Attorney General Loretta E. Lynch as the defendant with respect to his Title VII claims. (*See* Aug. 17, 2016 Opinion at 5-6). Here, the Amended Complaint includes a caption that identifies "Loretta Lynch, AG, FBI et al" as defendants. (Am. Compl. at 1). While it may be proper—and, in some instances, necessary—for Rosado to assert non-Title VII claims (e.g., defamation, invasion of privacy) against other defendants, Rosado does not state against whom each claim is asserted. His Amended Complaint does, however, mention several individuals by name. As the Court in *Schiano* found, "[n]ot only is this unintelligible," but "it creates significant difficulty for the proper . . . entity or entities to respond to the allegations." 2013 WL 2452681, at 10 n.18.

To be clear, the Court is not simply concerned with Rosado's technical failure to number his paragraphs. *See Buzzerd v. East Pikeland Twp.*, No. 90-1675, 1990 WL 90109, at *3 (E.D. Pa. June 26, 1990) ("Failure to number the paragraph[s] . . . may be inartful pleading, but the complaint clearly discloses the nature of the plaintiffs' grievances and the theory of the complaint."). And the Court recognizes that a complaint should not be dismissed for mere failure to comply with

---

[5] The Court reproduces this portion of Rosado's opposition verbatim. The Court also notes that this submission appears to violate the Court's November 14, 2016 Order, which instructed Rosado to file "a single amended complaint containing all of his allegations." (*See* D.E. No. 29); *see also Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (alteration omitted).

Rule 10 "where such failure does not prevent defendants from filing responsive pleadings." *Coleman*, 2012 WL 5986455, at *3. But here, even giving Rosado the benefits entitled to a *pro se* litigant, *see Erickson*, 551 U.S. at 94, the Court finds that Rosado's Amended Complaint is so incoherent and unintelligible that it prevents Defendant from filing responsive pleadings. Further, the Court finds that a revised amended complaint that sufficiently complies with Rule 10(b) will ultimately clarify the record, streamline discovery, reduce the litigation costs for the parties, and preserve the Court's resources.[6]

Accordingly, Rosado's Amended Complaint is dismissed *without prejudice*. Rosado may submit a revised amended complaint that is consistent with this Opinion and otherwise complies with "this Court's orders, local rules, policies and procedures, as well as the Federal Rules of Civil Procedure." *Kongtcheu*, 2015 WL 502071, at *2. Any such amended complaint should clearly state each claim, the facts supporting each claim, and the party against whom each claim is asserted. For example, the amended complaint could include multiple sections, where each section is devoted to a single claim—that way, it is clear what facts support what claims. The Court also reminds Rosado that any such amended complaint must include *all* his claims, as "there can only be one operative complaint." *Little v. Conn. Gen. Life Ins. Co.*, No. 11-2944, 2011 WL 5025125, at *5 (D.N.J. Oct. 21, 2011).[7]

---

[6] While the Court's Aug. 17, 2016 Opinion analyzed the sufficiency of Rosado's Title VII claims for employment discrimination and retaliation, that complaint was a form EEOC complaint limited to those claims. Rosado's Amended Complaint, however, asserts a variety of claims, ostensibly including non-Title VII claims, and contains approximately twelve pages of rambling, stream-of-consciousness argument intertwined with random facts.

[7] The Court notes that Rosado filed a document on June 1, 2017, titled "Motion to Amend Complaint as a Result of EEOC Dismissal of Appeals; Reflecting Parties Identified within this Document as Additional Defendants in Captioned Matter[.]" (D.E. No. 42). The Court will deny Rosado's motion to amend as moot in light of this Opinion. To the extent Rosado wishes to raise new claims or name new defendants identified for the first time in this document, he should do so in a revised amended complaint consistent with this Opinion.

## V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Rosado's Amended Complaint is dismissed *without prejudice* to his right to submit within sixty days a revised amended complaint consistent with this Opinion. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**