**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMESON ROSADO, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 15-3999 (ES) (JAD) |
| JEFF B. SESSIONS, et al., | : MEMORANDUM OPINION |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Jameson Rosado's motion to reassign this matter to another judge. (D.E. No. 52).[1] For the following reasons, the Court DENIES Plaintiff's motion.

On June 12, 2015, Plaintiff initiated this action alleging employment discrimination under Title VII of the Civil Rights Act of 1964. (D.E. No. 1). Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim or, alternatively, for a more definite statement. (*See generally* D.E. No. 10). On August 17, 2016, this Court granted Defendants' motion to dismiss *without prejudice* and granted Plaintiff leave to file an amended complaint within forty-five days. (D.E. No. 16). Shortly thereafter, Plaintiff moved to reassign this matter to another judge. (D.E. No. 18.). The Court denied Plaintiff's motion, finding that he "fail[ed] to articulate any legitimate basis for recusal." (D.E. No. 22 at 2).

---

[1] Plaintiff's submission is titled, "Motion to Reopen Amended Complaint (This Document) and Reassign to Another Judge." (*Id.*). This Opinion addresses only Plaintiff's request to reassign this matter to another judge. Per the Court's July 19, 2017 Text Order, Plaintiff's application for leave to file an amended complaint was denied as moot; and Plaintiff was granted leave to file a Fourth Amended Complaint on or before September 22, 2017. (D.E. No. 53).

1

On September 30, 2016, Plaintiff filed an Amended Complaint. (D.E. No. 21). Defendant Jeff B. Sessions ("Defendant") moved to dismiss the Amended Complaint (i) for failure to comply with Federal Rule of Civil Procedure 10(b); (ii) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and (iii) in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e). (*See generally* D.E. No. 24). The Court granted Defendant's motion and dismissed the Amended Complaint *without prejudice* to Plaintiff's right to submit within sixty days a revised amended complaint consistent with the Court's Opinion. (*See* D.E. No. 44 & 45). Plaintiff filed the present motion shortly thereafter. (D.E. No. 52).

The legal standard for recusal of district court judges is codified in 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. An affidavit is "legally sufficient" if the facts contained therein "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Cooney v. Booth*, 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) (quoting *Berger v. United States*, 255 U.S. 22, 33-34 (1921)). Section 445(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also In re Kensington Intern. Ltd.*, 368 F.3d 289, 301-02 (3d Cir. 2004). Thus, a judge must recuse himself if a "reasonable man . . . would harbor doubts about the judge's impartiality." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 320 (3d Cir. 2005).

Plaintiff's submission appears to be a revised Amended Complaint containing a request for reassignment. (*See* D.E. No. 52 at 1-2). The following appears to be the only portion of his submission directed to his request for reassignment:

> I have also, unfortunately, filed this same complaint with your superior, Chief Judge Linares, and am requesting once again, it be reassigned. The complaint was filed, as of this date, originally over two years ago. To date, while you have stated in court pleadings my pleadings are to be held to a less stringent standard, you have not acted in a manner that supports that. In addition to dismissing the complaint three times in two years, you have denied several requests for pro bono counsel, AND denied virtually every submitted pleading by me. Despite having filed a de facto prima facie complaint on several occasions, it has not yet been remedied and will undoubtedly take a Judge to remedy it. I am now extremely concerned about getting a fair hearing.

(*Id.* at 2). The rest of Plaintiff's submission comprises his revised Amended Complaint. (*See id.* at 2-15).

The Court must deny Plaintiff's request, as his submission is devoid of any legitimate basis for recusal. *See Roudabush v. Pirelli*, No. 14-1923, 2015 WL 5567413, at *4 (D.N.J. Sept. 22, 2015) ("Because Plaintiff has demonstrated no circumstances demonstrating personal bias or those that would inspire a reasonable person to question the Court's impartiality, Plaintiff's motion for recusal is denied."); *see also Cooney*, 262 F. Supp. 2d at 502 (explaining that a court must accept "the facts alleged as true, but not the conclusions, conjecture, speculation or surmises" for purposes of § 144).

The Court notes that it granted Plaintiff leave to file a Fourth Amended Complaint by September 22, 2017. (*See* D.E. No. 53). Moreover, the Hon. Joseph A. Dickson, U.S.M.J., held a status conference with Plaintiff and Defendant to discuss, among other things, the Court's instruction that any amended complaint "should clearly state each claim, the facts supporting each claim, and the party against whom each claim is asserted." (*See* D.E. No. 44). If anything, the Court has taken several steps—beyond those taken in the normal course—to ensure Plaintiff receives a fair hearing.

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**